# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-0307V

|  |  |
|---|---|
| SUSANA V. WELSH,<br><br>               Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>               Respondent. | Chief Special Master Corcoran<br><br>Filed: September 29, 2023 |

*Richard William Zahn, Jr. Joel Bieber Firm, Richmond, VA, for Petitioner.*

*Alexa Roggenkamp, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On February 27, 2019, Susana V. Welsh filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a right shoulder injury related to vaccine administration ("SIRVA") as a result of a hepatitis B vaccine she received on February 28, 2017. Petition at 1-2. On June 22, 2021, a decision was issued awarding compensation to Petitioner based on the parties' stipulation.  ECF No. 36.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

On January 6, 2023, Petitioner filed a motion for attorney's fees and costs, date, requesting a total award of $12,666.13 (representing $11,062.50 in fees and $1,603.63 in costs). ECF No. 40-4. In accordance with General Order No. 9, Petitioner's counsel has re[resented that Petitioner incurred no out-of-pocket expenses. ECF No. 40.

Although Petitioner is entitled to an award of attorney's fees and costs in this compensated case,[3] Petitioner's motion was filed approximately 338 days after the 180-day period specified in the Vaccine Rules.[4] Recognizing the lateness of Petitioner's request, Respondent opposes an award of attorney's fees and costs. Response to Petitioner's Motion, filed Jan. 20, 2023, ECF No. 41. In email communications and a status report filed on August 10, 2023, Petitioner's counsel indicated that, because this case was one of his first in the Vaccine Program, he was unaware of the 180-day requirement and unknowingly submitted this late request. ECF No. 43; *see* Informal Remark, dated June 12, 2023.

Special masters have awarded attorney's fees and costs sought in an untimely filed motion if a petitioner provided an acceptable reason for the motion's late filing.[5] These decisions take the approach of placing the attorney on notice that any future late fees applications will be denied. And Court records show that this case was the second vaccine claim initiated and resolved involving Mr. Zahn as the petitioner's attorney of record. Additionally, he filed late motions in both cases in early 2023. Thus, this information supports his claim of a lack of awareness of this requirement. And, although the fees motion was filed almost one year late in this case, I recognize that Petitioner attempted to file an interim motion for attorney's fees and costs on November 13, 2020,

---

[3] The Vaccine Act specifies that, when awarding compensation, "the special master or court shall also award as part of such compensation an amount to cover- (A) reasonable attorneys' fees, and (B) other costs." 42 U.S.C. § 300aa-15(e)(1) (2018).

[4] Pursuant to Vaccine Rule 13, "[a]ny request for attorney's fees and costs pursuant to 42 U.S.C. § 300aa-15(e) must be filed no later than 180 days after the entry of judgment or the filing of an order concluding proceedings." Vaccine Rule 13(a).

[5] Special masters have allowed untimely motions for attorney's fees and cases in multiple cases. *E.g., Decker v. Sec'y of Health & Hum. Servs.,* No. 19-0620V, 2022 WL 1153480 (Fed. Cl. Spec. Mstr. Mar. 28, 2022); *Setness v. Sec'y of Health & Hum. Servs.*, No. 13–996V, 2017 WL 1713101, at *1 n.3 (Fed. Cl. Spec. Mstr. Mar. 10, 2017) (granting a motion for fees filed two months after the deadline); *Glaser v. Sec'y of Health & Hum. Servs.,* No. 06-0764V, 2016 WL 8136294 (Fed. Cl. Spec. Mstr. Dec. 21, 2016); *Farrar v. Sec'y of Health & Hum. Servs.*, No. 12–028V, 2014 WL 643456, at *2 (Fed. Cl. Spec. Mstr. Jan. 28, 2014); *Gabbard v. Sec'y of Health & Hum. Servs.*, No. 99–451V, 2009 WL 1456434, at *2 (Fed. Cl. Spec. Mstr. Apr. 30, 2009); *Carrington v. Sec'y of Health & Hum. Servs.*, No 99–495V, 2008 WL 2683632, at *13 (June 18, 2008); *Turner v. Sec'y of Health & Hum. Servs.*, No. 99–544V, 2007 WL 4410030, at *13 (Nov. 30, 2007). However, this leniency is less likely to be shown in cases involving motions which are untimely by years, instead of months. *E.g., Verity v. Sec'y of Health & Hum. Servs.,* No. 11-0106V, 2017 WL 1709709 (Fed. CL. Spec. Mstr. Mar. 13, 2017).

2

shortly after the parties reached their informal settlement. Due to Petitioner's use of the incorrect CM/ECF filing event, the fees motion was struck. However, Petitioner may have realized her fees request was not still before the Court. For all these reasons, I will award a reasonable amount of attorney's fees and costs, despite the lateness of the request.

However, I also stress that the United States Court of Federal Claims recently revised the Vaccine Rules, more clearly stating the requirements for any attorney's fees and costs award. *See* Vaccine Rule 13 and Second Supplement to Appendix B Attorney's Fees and Costs, found on the Court's website at https://www.uscfc.uscourts.gov/rules (last visited Aug. 11, 2023). Thus, I am more likely to deny such a request in the future. Additionally, Mr. Zahn is now aware of this requirement, and should make every attempt to timely file any future request.

Having considered the requested hourly rate increase and following review of the billing records submitted with Petitioner's requests, I find a reduction in the amount of fees and costs to be awarded appropriate, for the reason listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Hum. Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1.

Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

The attorney and paralegal hourly rates for time billed in this case are reasonable and appropriate for attorneys and paralegals with similar experience. ECF Nos. 40-1, 40-2, 40-3, 2 at 5; ECF No. 42-3. Despite his lack of familiarity with the Vaccine Program, Mr. Zahn has practiced law for 27 years. ECF No. 40-3 at 1. And the hourly rates requested for his work are on the lower end of his appropriate range of hourly rates. *See* OSM Attorneys' Forum Hourly Rate Fee Schedules, found at the Court's website at www.uscfc.uscourts.gov/node/2914 (last visited Aug. 11, 2023).

However, a few billing entries reflect tasks which are considered overhead. It is firmly rooted that billing for clerical and other secretarial work is not permitted in the Vaccine Program. *Rochester v. United States*, 18 Cl.Ct. 379, 387 (1989) (denied an award of fees for time billed by a secretary and found that "[these] services … should be considered as normal overhead office costs included within the attorneys' fees rates"); *Mostovoy v. Sec'y of Health & Hum. Servs.*, No. 2016 WL 720969, *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016). Thus, I will not award attorney's fees for this work. This results in a reduction of **$203.00**.[6]

## ATTORNEY COSTS

Petitioner requests $1,603.63 in overall costs. ECF No. 40-4. However, Petitioner has failed to provide the documentation needed to support these costs, despite being allowed an additional opportunity to do so. On August 18, 2023, I issued an order instructing Petitioner to file this documentation by September 12, 2023.

Therefore, I will reimburse only the $400.00 filing fee which was paid by Petitioner's counsel in this case. *See* ECF 40. (representation of Petitioner's counsel indicating Petitoiner paid no litigation costs). This results in a reduction of **$1,203.63.**

---

[6] This amount is calculated as follows: $58.00 + $29.00 + $43.50 + $29.00 +43.50 = $203.00. ECF No 40-5 at 4.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. **I award a total of $11,259.50, representing $10,859.50 in fees and $400.00 in costs, as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel.**

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[7]

**IT IS SO ORDERED.**

> **s/Brian H. Corcoran**
> Brian H. Corcoran
> Chief Special Master

---

[7] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.